File Name:  07a0067n.06
Filed:  January 26, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No.  06-3484

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

EMI APRIL MUSIC, INC.,

     Plaintiff-Appellee,

J. ALBERT & SON (USA) INC.,

     Plaintiff-Appellee,

FAMOUS MUSIC CORPORATION AND           ON APPEAL FROM THE
BYEFALL PRODUCTIONS, INC.,                 UNITED STATES DISTRICT
                                         COURT FOR THE NORTHERN
     Plaintiff-Appellee,                   DISTRICT OF OHIO

v.

1064 OLD RIVER ROAD, INC.,

     Defendant-Appellant.

CURTIS KNOWLES,

     Defendant-Appellant.

_____/

Before:     MARTIN, BATCHELDER, and McKEAGUE, Circuit Judges.

     BOYCE F. MARTIN, JR., Circuit Judge.  In this copyright infringement case, the district court granted default judgment against Defendants 1064 Old River Road, Inc., and its President, Curtis Knowles.  Defendants appeal the district court's denial of their motion for relief from judgment, brought under Fed. R. Civ. P. 60(b)(1).

I.

Defendant 1064 Old River Road operates a nightclub known as the Cleveland Beach Club. Knowles is one of the corporation's three shareholders as well its president. Plaintiffs are all members of the American Society of Composers, Authors and Publishers, an unincorporated membership association that offers licenses to music users permitting the use of its members' copyrighted musical compositions. On August 5, 2005, Plaintiffs filed their complaint against Defendants, alleging three counts of copyright infringement based on Defendants' unauthorized use of Plaintiffs' copyrighted music.

The complaint was properly served on Defendants on September 1, 2005, but Defendants neglected to file their answer or otherwise respond to the lawsuit. On October 13, 2005, Plaintiffs moved both for an entry of default under Fed. R. Civ. P. 55(a) and for default judgment under Fed. R. Civ. P. 55(b)(2). The clerk entered the default, and the district court subsequently granted the motion for default judgment on November 30, 2005. On January 2, 2006, Defendants filed a motion seeking relief from the judgment under Rule 60(b)(1), claiming that their failure to respond to the complaint was due to excusable neglect. Specifically, Knowles's brother had suffered from a stroke in August of 2005 that left him paralyzed, and he passed away on September 21. Knowles filed an affidavit in support of the motion, stating that although he had been properly served with the complaint twenty days before his brother's death, he was unavailable due to the duties of caring for his brother after the stroke. After his brother's death, Knowles continued to be consumed with his own grief, the duties of attending to his mother, and the arrangements for his brother's funeral. Knowles also averred that while his assistants handle the day-to-day business of the club, he alone

handles the more significant matters, including legal affairs.

The district court rejected the Rule 60(b) motion, reasoning that Defendants had been on notice of the lawsuit for four months, and that their failure to respond could not be attributed to mistake, inadvertence, surprise, or excusable neglect. In a subsequent order, the district court permanently enjoined Defendants from performing any of the musical compositions referenced in the complaint, and awarded Plaintiffs statutory damages of $2500 for each of the three counts of infringement, as well as $2745 in fees and costs. Defendants bring the present appeal from the denial of their Rule 60(b) motion.

## II.

When a party seeks relief from default judgment under Rule 60(b)(1), we review the district court's decision for an abuse of discretion. *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006). We have described abuse of discretion as "a definite and firm conviction that the trial court committed a clear error of judgment." *Id*. "A clear example of an abuse of discretion occurs where the district court fails to consider relevant 'facts upon which the exercise of its discretionary judgment is based.'" *Id*. We are required to view any disputed facts in the light most favorable to the defaulted party, in light of the policy consideration favoring the disposition of cases on their merits. *Id*.

Under Rule 60(b)(1), the party seeking relief from default must at the outset show that it is not culpable for its failure to respond. *Id*. The Rule itself sets forth specific grounds for such a showing, which are "mistake, inadvertence, surprise, or excusable neglect." *Id*. If this initial showing is made, the party seeking relief can then proceed to demonstrating the two additional

requirements for relief from default, which are a lack of prejudice to the Plaintiff, and a meritorious defense. *Id*. The specific determination that neglect is excusable "takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Id.*

Although we have great sympathy for Mr. Knowles's loss of his brother, we find little basis upon which to rule that the district court abused its discretion in rejecting his argument of excusable neglect. While Knowles may be the ultimate decision-maker at 1064 Old River Road, another employee involved in the company's business operations could have simply contacted a lawyer about the lawsuit and the need to file an answer or seek more time from the district court or opposing counsel. Further, while we do not second guess Knowles's personal grief or his obligations to his family, it would not have taken substantial time or effort for him to make this call to a lawyer himself. Defendants have made no showing that any such efforts were made. Further, as the district court noted, Defendants took a full four months to make any efforts to respond to the lawsuit. Additionally, the suit was only filed after two years of unsuccessful efforts by Plaintiffs to reach a licensing agreement with Defendants, suggesting that the Defendants were in no way caught off guard by the lawsuit and could have expected and prepared for litigation despite Mr. Knowles's familial obligations. Defendants point to no facts that would excuse their neglect but were ignored by the district court. In light of this record, there is no basis for us to find that the district court abused its discretion in determining that the Defendants' neglect was not excusable.

Because the Defendants have not made a showing that their failure to respond was due to excusable neglect or any of the other bases for relief set forth in Rule 60(b), we need not reach the

additional factors for relief from default.  The district court's disposition of this issue is affirmed.